UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM JUDKINS,<br><br>    Plaintiff<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER and SGT. BATU, et al.,<br><br>    Defendants | Case No.: 2:22-cv-00878-APG-EJY<br><br>**Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Settlement Payment**<br><br>[ECF Nos. 47, 53] |

   Adam Judkins, a detainee at Clark County Detention Center (CCDC) during the events at issue, sued CCDC, the Las Vegas Metropolitan Police Department, Sergeant Jim Batu, and other officers for claims arising from a series of events during his detention. After screening the claims under the Prison Litigation Reform Act (PLRA), one claim remains against Batu under 42 U.S.C. § 1983 for a Fourteenth Amendment Due Process violation. That claim alleges Batu sexually assaulted Judkins while alone in a room during a strip search. Batu moves for summary judgment. Because Batu is entitled to qualified immunity, I grant his motion. Judkins moves for a settlement payment,[1] which I interpret as a motion to compel. I deny his motion because it is untimely and because he did not meet and confer with Batu before filing it.

**I.    FACTS**

   The parties are familiar with the facts, so I repeat them only as necessary to resolve the pending motions. In his complaint, Judkins alleges the following: in March 2022, Batu came to Judkins to address a grievance Judkins filed and decided to send Judkins to "the hole" after

---

[1] Judkins' motion does not have a title. It is filed in the docket as a motion for settlement payment and I will refer to it accordingly.

becoming irritated with him. ECF No. 32 at 4.  Batu and three other officers strip searched him. *Id.*  Batu then turned off his body cam, asked the other officers to leave the room, and grabbed Judkins inappropriately, smacked him from behind, yelled at him, slapped his back, and pushed him into a wall and onto a bench. *Id.*  Batu also grabbed his own genitals during the incident. *Id.*  Judkins filed an incident report, which led to an investigation. ECF No. 47-2 at 4.

Batu denies these allegations.  He points to Lt. Weir's investigation report, which found that neither (1) video from the overhead hallway camera outside the strip search room nor (2) interviews with two officers who were present at the time of the strip search corroborated Judkins' allegations. ECF No. 47-3 at 3.  The officers stated in their interviews that Judkins was not naked because he was wearing boxers, and that Batu never touched him or said anything inappropriate. *Id.*  The hallway camera video shows Judkins entering a room with four officers. ECF 47-4, CCDC Surveillance Footage at 1:05.  Three officers later leave, standing behind the door in the hallway. *Id.* at 3:14.  One officer props the door open with his foot until these officers reopen the door and stand in the doorway. *Id.* at 3:14-4:12.  After lingering, all officers leave. *Id.* at 5:39.

Discovery closed on March 24, 2025. ECF No. 43 at 2.  Judkins did not respond to Batu's requests for admission, which had been served on him the prior October. *See* ECF No. 47-5.  Batu moved for summary judgment on June 9, 2025, partially in reliance on the principle that its requests were deemed admitted by Judkins' failure to respond.  The court sent Judkins a *Klingele v. Eikenberry*[2] warning about the consequences of failing to respond to a summary judgment motion. ECF No. 54.  But Judkins failed to timely respond to the motion.  Instead, he filed a motion for settlement payment, requesting the court to compel production of all bodycam

---

[2] 849 F.2d 409 (9th Cir. 1988).

footage between LVMPD staff and himself (as well as between himself and other detainees), PREA complaints, citizen review board complaints, and recordings/transcripts of court proceedings during his time at the facility. ECF No. 53 at 3. He also requested the court to compel Batu to make a reasonable counteroffer in negotiating a settlement and to hold an emergency status conference. *Id.* at 4-5.

## II. ANALYSIS

### A. I grant Batu's motion for summary judgment

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quotation omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could

3

believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

Judkins did not respond to Batu's motion for summary judgment. Nevertheless, the defendants still bear the burden of showing there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *See, e.g., Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (Rule 56 "prohibit[s] the grant of summary judgment by default even if there is a complete failure to respond to the motion." (quotation omitted)). However, because Judkins did not "properly address [Batu's] assertion of fact" by filing a response brief, I may consider Batu's facts undisputed and grant summary judgment if the motion and supporting materials "show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

    1. <u>Judkins conceded crucial facts because he did not respond to Batu's requests for admission.</u>

Batu argues that Judkins' failure to timely respond to his requests for admission renders the matters addressed in those requests admitted and that those admissions concede the crucial elements of Judkins' claim. Under Federal Rule of Civil Procedure 36(a)(3) and (b), matters addressed in requests for admission are admitted and "conclusively established" unless (1) the responding party serves an answer or objection within 30 days, or (2) "the court, on motion, permits the admission to be withdrawn or amended."

Batu sent Judkins his requests for admission on October 17, 2024, and Judkins never responded. *See* ECF No. 47-5. Therefore, the following admissions are conclusively established: Batu did not use any force against Judkins and did not grab his own genitals; several other officers were present during the interaction; neither the surveillance footage nor the other

officers corroborated Judkins' allegations; and the investigation found that Judkins' allegations were unfounded. *Id.*

Judkins has not moved to withdraw or amend these admissions. His motion for settlement payment, filed June 9, 2025, still alleges that Batu abused him while they were alone. ECF No. 53 at 1. But even if I construed this as a motion to withdraw or amend these admissions,[3] Batu has not had an opportunity to prove that such withdrawal prejudices him because Judkins' motion does not clearly request to withdraw or amend the admissions. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Additionally, I would deny the motion to withdraw or amend because Judkins has not shown good cause for his delay. *See id.* at 625.

    2.  <u>Judkins' Fourteenth Amendment claim fails because Batu is entitled to qualified immunity.</u>

A pretrial detainee is protected from conditions constituting improper punishment under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's Cruel and Unusual Punishment Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1971). A pretrial detainee states a claim for excessive force under the Fourteenth Amendment if: (1) the defendant used the force purposely or knowingly, and (2) the force was objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).

Batu argues he is entitled to qualified immunity because there is no evidence to support the Fourteenth Amendment claim. Qualified immunity protects government officials who allegedly violate constitutional rights from civil liability if "their conduct does not violate clearly

---

[3] "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

5

established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation omitted). To determine whether a state actor is entitled to qualified immunity, courts ask "(1) whether the official's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation." *Carley v. Aranas*, 103 F.4th 653, 659 (9th Cir. 2024) (quotations omitted). If the answer to either question is no, the official is entitled to qualified immunity. *Id.*

Viewing the facts in the light most favorable to Judkins, he fails to show a genuine issue of material fact that Batu violated his constitutional rights. By not responding to Batu's requests for admission, Judkins has admitted Batu did not use any force against him and that other officers were present during the alleged incident. *See* ECF No. 47-5. The surveillance footage shows other officers standing outside the ajar door to the room where Judkins alleges the incident occurred, and the officers told the investigator that Batu did not touch Judkins or say anything inappropriate. ECF Nos. 47-3 at 3; 47-4 CCDC Surveillance Footage at 3:14-4:12. Judkins did not participate in the discovery process or oppose Batu's summary judgment motion. Therefore, no reasonable jury could find that Batu purposefully or knowingly used objectively unreasonable force against Judkins.

Because Batu succeeds on the first prong of qualified immunity, there is no need to address whether the allegedly violated rights were clearly established. *See Pearson*, 555 U.S. at 236 (holding that judges have discretion to determine which of the two prongs should be addressed first but acknowledging it is "often beneficial" to begin with the first). I thus grant Batu's motion for summary judgment.

//

//

### B. I deny Judkins' motion for settlement payment.

Judkins filed a motion for settlement payment, which I construe as a motion to compel because he asks me to compel disclosure of body cam footage, PREA complaints, citizen review board complaints, transcripts of court proceedings, and "everything negative pertaining" to him. ECF No. 53 at 3. This motion is untimely, as discovery closed 77 days before Judkins filed this motion and he has not moved to re-open discovery. And Judkins did not attempt to meet and confer with Batu about this discovery dispute as required by Rule 37(a)(1). Additionally, Judkins' request is overbroad because it asks for materials that are not relevant and proportional to the needs of the case as required by Rule 26(b)(1).[4] For these reasons, I deny Judkins' motion.

Even if I were to construe this motion as an opposition to Batu's summary judgment motion, it does not present evidence sufficient to raise a genuine issue of material fact and would therefore not impact the above analysis. Although the motion is called a motion for settlement payment, there has been no settlement between the parties and therefore no settlement payment to collect, so I deny relief on this basis to the extent Judkins requests it. I also deny as moot his request for a status conference.

### III. CONCLUSION

I THEREFORE ORDER that Batu's motion for summary judgment **(ECF No. 47) is GRANTED.**

I FURTHER ORDER that Judkins' motion for settlement payment **(ECF No. 53) is DENIED.**

---

[4] For example, Judkins asks for body cam footage between him and any LVMPD staff member, and between him and all other detainees for the entire time he was at CCDC. ECF No. 53 at 3. This footage is not relevant to the incident with Batu on the date in question.

I FURTHER ORDER the clerk of court to enter judgment in favor of Batu on the remaining claim and to close this case.

DATED this 8th day of December, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

8